**SO ORDERED.**

**SIGNED this 08 day of November, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **RODNEY SCOTT GODSEY** | ) | No. 04-16607 |
| **CYNTHIA LEWIS GODSEY** | ) | |
| | ) | **Chapter13** |
| **Debtors** | ) | |

**M E M O R A N D U M**

This case came to be heard on an objection by the debtors to the claim of Robin R. Flores in the amount of $3,860.94. The proof of claim asserted that the claim was for litigation, expenses, and court courts. The debtors denied owing any amount to Mr. Flores. The debtors were present at the hearing on their objection to the claim; Mr. Flores did not attend the hearing.

The proof showed that the debtors entered into a contract with Mr. Flores, on behalf of their minor son, to pursue a claim against Wal-Mart and unidentified Wal-Mart employees. The contract was essentially a contingent fee contract that provided that Mr. Flores would receive a

fee equal to 33 1/3% of all amounts recovered.  The contract also contained the following provision:

> 2.  In the event that no recovery is made on our claim, it is understood that we are not obligated to pay any attorney's fees to Attorney Robin Ruben Flores.  However, in the event we request Attorney Robin Ruben Flores to withdraw his appearance and cease acting as our attorney at any time prior to any settlement or recovery, we agree to compensate and pay attorney's fees to Attorney Robin Ruben Flores at a rate of $100.00 per hour for all hours in excess of ten (10) hours that Attorney Robin Ruben Flores was employed as our attorney.

According to the testimony of debtor Rodney Godsey, Mr. Flores filed suit against Wal-Mart but later nonsuited the lawsuit without any notice or explanation to the debtors.  Mr. Godsey testified that the debtors never asked Mr. Flores to withdraw his appearance or cease acting as their attorney in the matter.  Hence, in light of the contractual provision above, Mr. Flores would not be entitled to any compensation for attorney's fees.

Another provision of the attorney-client contract provides as follows:

> 3.  It is understood and agreed that we will be paying the costs and expenses connected with or arising from the handling of our claim.  Expenses shall include, but are not limited to costs for court reporters, experts, and travel for Mr. Flores outside of Hamilton County.  Such expenses shall be billed to us within 30 days they are incurred by Mr. Flores.

Both debtors testified that the only expense they were aware of was a $20 expense for medical records which they paid.  Although Mr. Godsey testified that Mr. Flores told him that he had taken a deposition and that it was very favorable to the case, Mr. Godsey was not provided with any copy of any deposition nor was he aware of who was deposed.  The pending state case

was dismissed without prejudice on June 17, 2002. The debtors later received a statement of account from Mr. Flores after the case was dismissed. The statement of account indicated that it was past due although the debtors contended that they never received any statement before the case was dismissed, and they disputed that they were billed within 30 days of the time any expenses were incurred by Mr. Flores as the contract requires. In light of the debtors' testimony, and because Mr. Flores was not present at the hearing to carry his burden of proof with respect to the amount of, and entitlement to, costs and expenses arising from the dismissed lawsuit, the debtors' objection to the claim will be sustained.

Accordingly, for the foregoing reasons, an order will enter sustaining the debtors' objection to the claim filed by attorney Robin Flores.

###